IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GREAT WEST CASUALTY COMPANY,

    Plaintiff,

v.                                                                                       No. 1:23-cv-0631 JFR/DLM

MARTIN TAPIA d/b/a TAPIA FAMILY
TRUCKING; DENNIS MURPHY, as Personal
Representative of the Wrongful Death Estate of
Asa K. Lewis,

    Defendants.

## ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court sua sponte. Plaintiff Great West Casualty Company (Great West) filed this action in federal court on July 27, 2023, citing diversity jurisdiction.[1] (Doc. 1 ¶ 4.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that Great West fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The plaintiff, as the "party invoking

---

[1] Great West brought its claim pursuant to the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201. (Doc. 1 ¶ 7.) Because the DJA is a remedial statute, a plaintiff "seeking relief under the statute must establish a separate and independent basis of jurisdiction." *Schulke v. United States*, 544 F.2d 453, 455 (citations omitted).

diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

Here, the Complaint asserts that Defendant Martin Tapia is a "resident" of New Mexico. (Doc. 1 ¶ 2.) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Consequently, there are insufficient facts to establish Tapia's citizenship.

The Complaint further asserts that Defendant Dennis Murphy, Personal Representative of the Wrongful Death Estate of Asa K. Lewis, is a resident of New Mexico. (Doc. 1 ¶ 3.) "The diversity of citizenship statute provides that 'the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent.'" *Brown v. Mahdi*, 482 F. Supp. 2d 1300, 1303 (quoting 28 U.S.C. § 1332(c)(2)). It does not appear that Great West has included factual allegations regarding Asa Lewis's citizenship. (*See* Doc. 1.) Thus, there are insufficient facts to establish citizenship of the Wrongful Death Estate.

The Court will allow Great West the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

**IT IS ORDERED** that Great West shall file an amended complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **October 24, 2023**.

**IT IS FURTHER ORDERED** that Great West shall file a disclosure statement pursuant to Rule 7.1(a)(2) no later than **October 24, 2023**.

**IT IS FURTHER ORDERED** that if Great West fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE